# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,     :    Case No. 1:21-cv-482

- vs -                          District Judge Douglas R. Cole
                                          Magistrate Judge Michael R. Merz

WARDEN, London Correctional Institution,

                                         :

        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby under 28 U.S.C. § 22534, is before the Court on Petitioner's first Motion to Amend (ECF No. 4). Amendments to habeas corpus petitions are governed by Fed.R.Civ.P. 15 which provides in part that a party may amend once as a matter of course without court permission before an opposing part answers. Accordingly, Petitioner's first motion to amend is GRANTED.

The case is also before the Court on Petitioner's second Motion to Amend (ECF No. 10), his Motion for a Stay (ECF No. 11), and his Motion for an Extension of Time (ECF No. 12). Respondent requested and received an extension of time to respond to those Motions (ECF No. 13), but has not responded within the time allowed.

1

**Litigation History**

On August 1, 2018, the Butler County Grand Jury indicted Kirby on one count of Aggravated Burglary in violation of Ohio Revised Code § 2911.11(A)(1) (Count 1); one count of Assault in violation of Ohio Revised Code § 2903.13(A) (Count 2); two counts Aggravated Arson in violation of Ohio Revised Code § 2909.02(A)(2)(Counts 3-4); one count of Arson in violation of Ohio Revised Code § 2909.03(A)(1)(Count 5); and one count of Arson in violation of Ohio Revised Code § 2909.03(B)(1)(Count 6). (Indictment, Case No. CR2018-07-1131, State Court Record, ECF No. 7, Exhibit 1).

On January 14, 2019, represented by counsel, Kirby filed a Notice of Alibi which reads:

> Pursuant to Rule 12.1 of the Ohio Rules of Criminal Procedure, Defendant gives notice of the intent to offer evidence of alibi that defendant was not at the scene of the alleged crime on April 13, 2018 at the time charged, but rather with Dale Kirby in a vehicle on the highway headed to Bryan Kirby's home in Madeira, a suburb of Hamilton County, Ohio.

*Id.* at Ex. 4. Then trial jury found Kirby guilty on all counts. After merging allied offenses, the trial judge sentenced him to an aggregate of thirteen years incarceration. *Id.* at Ex. 10. Kirby appealed and the Ohio Twelfth District Court of Appeals affirmed. *State v. Kirby,* 2020-Ohio-4005 (12th Dist. Aug. 10, 2020). The Ohio Supreme Court declined to exercise appellate jurisdiction. *State v. Kirby*, 160 Ohio St.3d 1495 (2020).

On September 25, 2020, Kirby filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 7, Ex. 20). The trial court denied the petition, the Twelfth District affirmed, and the Ohio Supreme Court declined appellate jurisdiction. *Id.* at Exs. 24, 32, and 35. Kirby filed his Petition in this Court on July 14, 2021, pleading the following grounds for relief:

**Ground One:** Petitioner's Sixth Amendment right to effective assistance of counsel was violated.

**Supporting Facts:** Trial counsel failed to seek redress from the court for the prosecutors' spoliation of evidence highly material to petitioner's defense. Facts: Trial counsel failed to seek redress from the court for the prosecutors' spoliation of evidence highly material to petitioner's defense.

**Ground Two:** Petitioner's Fifth and Fourteenth Amendment right to due process was violated.

**Supporting Facts**: The trial court failed to instruct the jury not to consider the hearsay statements of fire investigator Hunter regarding the gasoline in the soil for there [sic] truth.

**Ground Three**: Petitioner's Fifth and Fourteenthth Amendment right to due process was violated.

**Supporting Facts:** The state government presented insufficient evidence to support petitioner's conviction for aggravated burglary.

(ECF No. 1, Petition, at PageID 6-8).

On September 9, 2021, Kirby amended his habeas petition to add the following ground:

**Ground Four: Ineffective Assistance of Trial Counsel: Failure to Properly Impeach a State's Witness**

**Supporting Facts:**

In this case, during a conference between Defendant, his trial counsel, and investigator, Defendant was apprised· of the fact that his defense team had uncovered some information that would adversely affect the prosecution's key witnesses credibility (Christine Rose).

Specifically, it was uncovered that while the state's witness, Ms. Rose, was residing at The Garden Manor Nursing Home, she was found to have been, for all intents and purposes, committing fraud by feigning an injury that seemingly left her wheelchair bound.

Subsequently, she was removed from the premises as a result of her actions.

3

>Separately, Defendant's defense team informed informed him that the day that he was supposed to have committed the crime, Ms. Rose stated she went to her Psychiatrist's office, and stayed there for several hours in an attempt to avoid any possible confrontation with the defendant.
>
>In light of this situation that occurred at Garden Manor, defendant was skeptical about her statement that she was at her Doctor's office (Robert N. Basil, Psy.D.) for several hours for the purpose of seeking refuge. Consequently, Defendant expressly requested that his trial counsel and or investigator conduct an interview with Ms. Rose's doctor to see if her story checked out.
>
>No such Interview or Investigation ever occurred .

(Incorporated by reference in the first Motion to Amend (ECF No. 4) and copied here from the Petition for Post-Conviction Relief, State Court Record, ECF No. 7, Ex. 20, PageID 205-06).

## Analysis

**Second Motion to Amend**

In his Second Motion to Amend (ECF No. 10), Kirby announces that he has discovered new material evidence, to wit that the vehicle involved in the fire in this case was subject to a recall but had not in fact been repaired. *Id.* at PageID 1162-63. Kirby alleges his fire expert testified that the vehicle and defective component had not been preserved for forensic inspection. Upon cross-examination by defense counsel, Detective Stephen Winters of the Middletown Police Department testified:

>Q Okay. You were asked about preserving the car. Is it common practice of the Middletown Police to preserve cars that have been burned for an indefinite period of time?

4

    A No. We have no place to store them.

(Trial Transcript, ECF No. 7-5, PageID 688).

  Petitioner now asserts that through new evidence he has learned that the City of Middletown has had an impound lot since at least 2013 (Motion, ECF No. 10, PageID 1163). Based on this evidence, Kirby seeks to add (1) a claim of ineffective assistance of trial counsel for failure to discover the existence of the impound lot, (2) a claim of prosecutorial misconduct under *Napue v. Illinois*, 360 U.S. 264, 269 (1959), for failure to correct Detective Winters' testimony, (3) a claim the State failed in bad faith to preserve the component that generated the recall of the vehicle involved, (4) ineffective assistance of trial counsel for failure to prevent use of the uninspected vehicle at trial. *Id.*

  Kirby acknowledges that granting this amendment would render his Petition a mixture of exhausted and unexhausted claims. *Id.* at PageID 1164. He proposes to deal with that exigency by obtaining a stay and abeyance of his Petition per *Rhines v. Weber*, 544 U.S. 269 (2005).

  Under *Rhines*, District Courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

5

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings".

In his Motion, Kirby does not refer to any pending state court action which raises any of these three claims nor does he state what remedy he intends to attempt if a stay is granted. Ohio Revised Code § 2953.21 permits a post-conviction petition to raise constitutional claims which could not have been litigated on direct appeal. However, that statute has a strict one-year limit on the jurisdiction of the Common Pleas Court which runs from the date the record on appeal is complete. Ohio Revised Code § 2953.23. The record on appeal was certified complete on September 13, 2019, well over two years ago, so the remedy under § 2953.21 is not available to Kirby.

Under Ohio R. Crim. P. 33(B), motions for a new trial on account of newly-discovered evidence must be made within one hundred twenty days after verdict. After that a defendant must receive permission to file a delayed motion for new trial which requires proof by clear and convincing evidence that the defendant was unavoidably prevented from filing the motion within the time allowed by the rule.

From the new evidence submitted with the Motion, it seems very unlikely that the Butler County Common Pleas Court would find Kirby had been diligent in discovering the new evidence and presenting it.

Evidently it was known at the time of trial in 2019 that the Ford Explorer in question was subject to a recall to replace a part whose failure could cause a fire. The recall notice involved is

one of the attachments to the Motion. Although Kirby attaches no expert opinion about the possibility the defect caused this fire, that was presumably the basis for asking if the car had been retained for inspection since Kirby sought and received in February 2019 funds to retain a fire expert and unlimited success to the evidence (Entry, State Court Record, ECF No. 7, Ex. 7).

Nor was the existence of the Middletown impound lot a secret at the time of trial. Indeed, Kirby relies on a 2013 newspaper article in the Middletown Journal News from 2013 reporting a quarter million dollars in revenue from the lot in the two years since Middletown contracted with a towing company. This information was clearly internet-available; Kirby tells us so in his Motion.

The text of Ohio R. Crim. P. 33 also does not state the standard on which a trial court should decide a motion for leave to file a delayed motion for new trial. In *State v. Ambartsoumov*, 2013 Ohio 3011, 2013 Ohio App. LEXIS 3057 (10th Dist. 2013), the court opined

> "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 145-46, 19 Ohio B. 230, 483 N.E.2d 859 (10th Dist.1984). Further, "[m]ost courts * * * also require defendants to file a motion for leave within a reasonable time after discovering the evidence." *State v. Peals,* 6th Dist. No. L-10-1035, 2010-Ohio-5893, ¶ 22, citing *State v. Grinnell*, 10th Dist. No. 09AP-1048, 2010-Ohio-3028.

*Ambartsoumov*, at ¶ 12. Thus the Ohio Rule as interpreted by the Ohio courts speaks to diligence both in discovering the new evidence and in presenting it to the trial court. The Supreme Court has recognized the constitutionality of requiring a defendant act with due diligence in filing a new trial motion.

In addition to Kirby's lack of diligence in discovering and presenting this new evidence, the Court has severe doubts as to the merit of any new trial motion based on this new evidence. It

7

seems plain from the evidence Kirby has presented that the Middletown impound lot is a place to hold seized operational automobiles until the owners reclaim them by paying outstanding finds and releasing the towing company's lien. Such impound lots, whether owned by a municipality or by the towing company, are hardly unique to Butler County. But the purpose for which they were created inherently limits their utility as a place to store forensic evidence. It seems likely that a vehicle heavily damaged by fire and stored in an open-to-the elements lot would degrade in its forensic utility in rapid order. At any rate, Kirby has presented no evidence that a fire-damaged car maintained in an open lot would have retained its forensic value.

**Conclusion**

Kirby's first Motion to Amend (ECF No. 4) is GRANTED.

Because Kirby has failed to show good cause for his delay in attempting to exhaust his three new claims in the Ohio courts, his Motion for Stay and Abeyance (ECF No. 11) is DENIED. Because the Ohio courts have authority to decide any delayed motion for new trial differently, this conclusion is subject to reconsideration if the Butler County Common Pleas Court allows Kirby to proceed. Kirby's second Motion to Amend (ECF No. 10) is DENIED on the same basis, but subject to reconsideration on the same terms.

**Motion for Extension of Time**

Kirby seeks an extension of time of sixty days from today's date to file his reply/traverse (ECF No. 12, PageID 1181). Like many litigants, Kirby seems to assume he will get whatever

time he asks for, since he allowed his prior extension to expire on March 14, 2022, without filing. Without the addition of the new issues Kirby sought to add by amendment, the issues in the case are well developed. Accordingly, Petitioner is granted to and including June 1, 2022, to file his reply/traverse herein.

April 23, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge