# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

        Petitioner,         :    Case No. 1:21-cv-482

- vs -                      District Judge Douglas R. Cole
                                  Magistrate Judge Michael R. Merz

WARDEN, London Correctional Institution,

                            :

        Respondent.

---

## DECISION AND ORDER DENYING RENEWED MOTION TO STAY

---

This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby under 28 U.S.C. § 2254, is before the Court on Petitioner's renewed Motion for a Stay (the "Second Motion," ECF No. 17). That Motion was docketed May 2, 2022, seven days after the Magistrate Judge denied Petitioner's first Motion for Stay on April 25, 2022 (ECF No. 15, denying the "First Motion," ECF No. 11).

The purpose of both Motions to Stay is to exhaust available state court remedies before this case is ripe for decision. Indeed, the Supreme Court authorized such stays to facilitate exhaustion while honoring both the statute of limitations and second-or-successive limitations on habeas enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). *Rhines v. Weber*, 544 U.S. 269 (2005). One of the reasons for denying the First Motion for Stay was that Petitioner had not yet, so far as this Court was informed, attempted to bring his new claims in any state forum.

In his Second Motion, Kirby represented that he had now filed a motion for leave to file a

new trial motion and a post-conviction petition, "one on 4-11-22 and one on 4-16-22."  (Second

Motion, ECF No. 17, PageID 1200).  Because Kirby had not filed copies of those state court

pleadings in this Court, the Court ordered Respondent to expand the record with relevant filings

from the Butler County Court of Common Pleas (Order, ECF No. 20).  The Respondent has now

done so (ECF No. 21), rendering the Second Motion for Stay ripe for decision.

In his First Motion for Stay, Petitioner sought to have this case held in abeyance until he

had exhausted in the Ohio courts four new claims that his conviction was unconstitutionally

obtained:

> (1) a claim of ineffective assistance of trial counsel for failure to discover the existence of the impound lot;
>
> (2) a claim of prosecutorial misconduct under *Napue v. Illinois*, 360 U.S. 264, 269 (1959), for failure to correct Detective Winters' testimony;
>
> (3) a claim the State failed in bad faith to preserve the component that generated the recall of the vehicle involved; and
>
> (4) a claim of ineffective assistance of trial counsel for failure to prevent use of the uninspected vehicle at trial.

(Motion, ECF No. 10, PageID 1163).  Petitioner contemporaneously filed a Motion to Amend to

add these claims to the Petition in this case; the Court denied both Motions (Decision, ECF No.

15).

In recognizing a District Court's authority to stay habeas cases pending exhaustion, the

Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for

2

> that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings.  *Id*.  It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back.  The *Rhines* standard obviously calls for District Courts to exercise discretion in deciding motions to stay.  It does not grant a right to a stay when there are unexhausted claims, as the strong language in the Second Motion seems to imply

In denying Kirby's Motion for Leave to File a Motion for New Trial and dismissing his Ohio Revised Code § 2953.23 post-conviction petition, the Butler County Court of Common Pleas found that his motion and petition were untimely[1], barred by *res judicata*, and frivolous.  Kirby has not yet exhausted his state court remedies on these claims, because he has a right to appeal to the Twelfth District Court of Appeals from the trial court's dismissal order.[2]   But the trial court order does convey a strong opinion on the merits as well as findings which would prevent Kirby's presenting those claims in this action, particularly procedural default and *res judicata*.

Moreover, Kirby has not shown he has good cause to excuse his failure to exhaust state court remedies in a timely fashion as *Rhines* requires.   The Second Motion criticizes the

---

[1] In the case of the post-conviction petition, this meant the trial court did not have jurisdiction to consider the petition on the merits.
[2] Note the legend "Final Appealable Order" in the caption of the Dismissal Order (ECF No. 21-1, PageID 1251.)

undersigned for noting the availability on the Internet of much of the new evidence on which Kirby now depends, claiming the Internet is not available to Ohio prisoners.  Assuming the truth of that claim, the Magistrate Judge notes that (1) the existence of the Middletown impound lot and of the recall status of the Ford Explorer are now sought to be proved by evidence that existed at the time of trial and (2) the new evidence shows that Kirby has had, during his incarceration, the assistance of unincarcerated family members with Internet access.  See PageID 1222 (downloaded from NHTSA.gov); PageID 1226 (January 18, 2021, letter to the Ohio Innocence Project forwarding information purportedly from Kirby about the impound lot which is taken from publicly-available newspaper articles published in 2013; PageID 1228 – same).

In sum, Petitioner has not satisfied the requirements for a stay under *Rhines* and his Second Motion for Stay (ECF No. 17), is DENIED.  Petitioner's deadline for filing a reply in support of the Petition as now before the Court remains June 1, 2022 (See ECF No. 15).

May 13, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

4