# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRYAN KIRBY,

|                | Petitioner, | : | Case No. 1:21-cv-482 |
|---|---|---|---|

|      - vs - |  | | District Judge Douglas R. Cole |
|---|---|---|---|
| | | | Magistrate Judge Michael R. Merz |

WARDEN, London Correctional
  Institution,

                                             :

       Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Bryan Kirby under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and the Reply (ECF No. 31).

**Litigation History**

On August 1, 2018, the Butler County Grand Jury indicted Kirby on one count of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(1) (Count 1); one count of assault in violation of Ohio Revised Code § 2903.13(A)) (Count 2); two counts aggravated arson in violation of Ohio Revised Code § 2909.02(A)(2)(Counts 3-4); one count of arson in violation of Ohio Revised Code § 2909.03(A)(1)(Count 5); and one count of arson in violation of Ohio Revised Code § 2909.03(B)(1)(Count 6). (Indictment, ECF No. 7, Exhibit 1, PageID 48). The burglary and assault incidents occurred September

1

1, 2017; the arson offenses on April 13, 2018. *Id.*

On January 19, 2018, Kirby filed through counsel a Notice of Alibi for the September charges in which he claimed he was not at the scene of the crime on the date it occurred, but "rather with Dale Kirby in a vehicle on the highway headed to Bryan Kirby's home in Madeira, a suburb of Hamilton County, Ohio." (ECF No. 7, Ex. 4). The jury found Kirby guilty on all counts and, after merger, he was sentenced to thirteen years imprisonment.

On May 14, 2019, Kirby through counsel appealed to the Ohio Twelfth District Court of Appeals, Butler County. (Notice of Appeal, Case No. CA-2019-05-0078, ECF No. 7, Exhibit 12). That court affirmed on all counts. *State v. Kirby,* 2019-Ohio-3624 (Ohio App. 5th Dist. Aug. 10, 2020), appellate jurisdiction denied, 160 Ohio St. 3d 1495 (2020).

On September 25, 2020, Kirby filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.23 raising a claim of ineffective assistance of trial counsel for failure to impeach Christine Rose (State Court Record, ECF No. 20, Ex. 7). The trial court denied the Petition on November 6, 2020. *Id.* at Exhibit 24. Kirby appealed the dismissal, but it was affirmed. *Id.* at Ex. 32, appellate jurisdiction declined. *Id.* at Ex. 35.

Kirby filed his *pro se* Petition in habeas corpus by delivering it to prison staff for mailing on July 14, 2021, raising the following claims for relief:

> **Ground One**: Petitioner's Sixth Amendment right to effective assistance of counsel was violated.
>
> **Supporting Facts:** Trial counsel failed to seek redress from the court for the prosecutors' spoliation of evidence highly material to petitioner's defense.
>
> **Ground Two**: Petitioner's Fifth and Fourteenth Amendment right to due process was violated.
>
> **Supporting Facts:** The trial court failed to instruct the jury not to consider the hearsay statements of fire investigator Hunter regarding the gasoline in the soil for there [sic] truth.

2

> **Ground Three:** Petitioner's Fifth and Fourteenth Amendment right to due process was violated.
>
> **Supporting Facts:** The state government presented insufficient evidence to support petitioner's conviction for aggravated burglary.

(Petition, ECF No. 1).

Respondent reports that Kirby filed a motion to amend on September 9, 2021, which had not yet been ruled on by the Court (Return, ECF No. 4). Contrary to Respondent's understanding, the Court granted the Motion to Amend on April 25, 2022 (ECF No. 15) based on the general permission in Fed.R.Civ.P. 15 to amend once as a matter of course before a responsive pleading is filed (ECF No. 15). However, his Second Motion to Amend was denied, essentially on the basis of futility. *Id.* Kirby did not object to that denial, although he did object to the Magistrate Judge's denial of the second motion to stay, made in connection with that motion.

# Analysis

## Civility

Petitioner's Reply contains a number of offensive attacks on the Court and opposing counsel. For example, Kirby asserts this Court has a tendency to "turn lies to the truth"; and Respondent and several States' witnesses are also accused of lying. (ECF No. 31, PageID 1297).

As part of the Local Rules of this Court, we have adopted Statement on Civility which provides in pertinent part:

> **Common courtesy.** In everyday life most people accord each other common courtesies. Ordinarily these include: politeness in conversation, respect for others' time and schedules, and an attitude of cooperation and truthfulness. Involvement in the legal system does not diminish the desirability of such conduct. An opposing

> litigant, a lawyer who represents that litigant, or a Judge who decides an issue has not thereby forfeited the right to be treated with common courtesy.

In contrast, Petitioner has apparently adopted the stance of the wronged whistleblower.

> As a pro se Petitioner, it is my duty to apply my thoughts to the system that now is a plague to our society, and I choose to do that in this instance, as counsel would probably be sanctioned. This Court is extremely prejudicial to pro se Petitioners and does not operate according to the Constitution.

(Reply, ECF No. 31, PageID 1300). Having been convicted of four serious felonies against his estranged spouse and having attempted to avoid responsibility with a false alibi[1], Kirby has now promoted himself to tribune of the people with a duty to expose police and judicial wrongdoing. It rings a little hollow.

Petitioner is cautioned that his right to access the Court does not include a right to do so in an insulting fashion and future filings with similar behavior will be stricken.

**Deference to State Court Decision**

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination

---

[1] After his initial Notice of Alibi, Kirby admitted he was in Middletown on September 1, 2017.

of the facts in light of the evidence presented in the State court proceedings.

In analyzing the claims made in this case, the Court must identify which of Petitioner's claims was decided on the merits in the Ohio courts and whether those decisions are entitled to deference under 28 U.S.C. § 2254(d)(1) or 2254(d)(2).

**Ground One:  Ineffective Assistance of Trial Counsel:  Failure to Attack Spoliation of Evidence**

In his First Ground for Relief, Kirby claims he received ineffective assistance of trial counsel when his trial attorney did not attack the spoliation of evidence, that is, the destruction of the incinerated car after trial.  Kirby presented this claim on direct appeal as his First Assignment of Error and the Twelfth District decided it on the merits as follows:

> {10} In his first assignment of error, appellant argues that he received ineffective assistance of counsel because his trial counsel failed to move to either dismiss or suppress after counsel learned that neither the victim's incinerated vehicle nor relevant engine compartment components had been preserved by the investigating government agencies.
>
> {11} To prevail on an ineffective assistance of counsel claim, appellant must establish two factors: (1) that his trial counsel's performance was deficient, that is, the performance fell below an objective standard of reasonable representation, and (2) he suffered prejudice from the deficiency. *State v. McLaughlin*, 12th Dist. Clinton No. CA2019-02-002, 2020-Ohio-969, 11 54. To show prejudice, appellant must demonstrate there is a reasonable probability the result of his trial would have been different but for the alleged errors of his counsel. *State v. Wood,* 12th Dist. Madison No. CA2018-07-022, 2020-Ohio- 422, 11 27. The failure to prove either deficiency or prejudice is fatal to the ineffective assistance of counsel claim. *State v. Adkins*, 12th Dist. Fayette No. CA2019-03-004, 2020-Ohio-535, 1112.
>
> {¶ 12} Appellant argues his due process rights were violated by the state's failure to preserve evidence. When considering whether the failure to preserve evidence implicates due process, the threshold question is: what is the nature of the evidence in question? Was the

5

evidence "materially exculpatory" or merely "potentially useful?" *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 1173. To be materially exculpatory, the evidence must possess an apparent "exculpatory value" before it was lost, and the defendant must be unable to obtain comparable evidence by other reasonably available means. *Id.* at 1174, citing *California v. Trombetta*, 467 US. 479,489, 104 S.Ct. 2528 (1984). If the evidence is materially exculpatory, it is immaterial whether the government acted in good or bad faith by failing to preserve the evidence, the loss of the evidence amounts to a violation of the defendant's right to the due process of law. *State v. Hamilton*, 12th Dist. Clinton No. CA2014-07-010, 2015-Ohio-1704, 1110. The defendant, generally, bears the burden of showing that the evidence was materially exculpatory. *State v. C.J.,* 12th Dist. Warren No. CA2017-06-082, 2018-Ohio-1258, 1116.

If a defendant cannot demonstrate the government acted in bad faith when it failed to preserve "potentially useful" evidence, then the loss of the evidence does not amount to a violation of his due process rights. *State v. Lazier,* 12th Dist. Warren No. CA2013-03-030, 2013-Ohio-5373, '1111.

{¶13} On the other hand, "potentially useful" evidence is evidence of such a quality that "'no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.'" *State v. Geeslin,* 116 Ohio St.3d 252, 2007-Ohio-5239, 119, quoting *Arizona v. Youngblood*, 488 U.S. 51, 57, 109 S.Ct. 333 (1988). Where the evidence is only "potentially useful" the defendant must show that the government acted in bad faith for the loss of the evidence to constitute a due process violation. *Id*. Bad faith implies more than bad judgment or negligence; rather, it imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through ulterior motive, or ill will partaking of the nature of fraud. *Powell*, 132 Ohio Sl.3d 233, 2012-Ohio-2577 at ¶ 181. If a defendant cannot demonstrate the government acted in bad faith when it failed to preserve "potentially useful" evidence, then the loss of the evidence does not amount to a violation of his due process rights. *State v. Lazier,* 12th Dist. Warren No. CA2013-03-030, 2013-Ohio-5373, ¶ 11.

{14} Here, appellant contends that the vehicle was material exculpatory evidence because it would have allowed him to prove that the cause of the fire was a known defect in the vehicle. In support, appellant argues that the vehicle was subject to a recall from the manufacturer, as demonstrated by a notice from the National Highway Transportation Safety Administration. The subject of the

recall was a component in the vehicle's cruise control system. The recall notice specifically warned that a defect in the cruise control system could be a fire hazard regardless of whether the vehicle's engine was on or off.

{15} After review of the record, we find that appellant has failed to establish that the vehicle constituted materially exculpatory evidence. While the vehicle was subject to a recall, the vehicle or its components did not possess any apparent exculpatory value. The crux of appellant's alternative fire causation theory was whether the vehicle had the defective component-listed in the recall-installed at the time of the fire. Service records for the vehicle could have provided appellant comparable evidence on whether the defective component had been replaced before the fire. Appellant did not present any evidence of the vehicle's service records and his fire investigation expert admitted that he did not investigate whether the defective component had been replaced.

{16} Additionally, appellant's fire investigation expert admitted that fire investigation guidelines promulgated by the National Fire Protection Association allow a fire investigator to review investigations by looking at relevant fire scene photographs. Therefore, appellant's expert was able to adequately review and assess the fire scene. At best, the vehicle or its components would constitute "potentially useful" evidence because additional testing would be needed to determine whether the vehicle contained the defective component and that defect was the cause of the fire.

{17} In finding that the lost evidence was only "potentially useful," the next issue is whether the state acted in bad faith when it failed to preserve the evidence. Appellant argues that the state's "cavalier attitude" in failing to secure and preserve the vehicle, in light of the investigator's knowledge of the recall, demonstrated bad faith. In support, appellant relies on *State v. Dumwald,* 163 Ohio App.3d 361, 2005-Ohio-4867 (6th Dist.). We find *Dumwald* to be distinguishable. The *Dumwald* court found that the state acted in bad faith, in part, because the law enforcement officer did not follow the evidence retention policy of his agency. Unlike *Dumwald,* here the investigator did not violate his agency's evidence retention policy. Not only was there no policy mandating storage, the investigator testified that the agency had no capability to store the vehicle. Finally, contrary to *Dumwald,* the investigators did not completely fail to preserve the evidence because they took copious photographs of the vehicle. Again, appellant's fire investigation expert conceded that photographs were a sufficient basis on which to review the fire investigation. Consequently, we find that there was no bad faith in

the investigator's failure to preserve the vehicle. Therefore, the state's failure to preserve the vehicle or its components did not constitute a violation of appellant's due process rights.

{18| Turning now to appellant's ineffective assistance claim, appellant has failed to establish either deficiency from his trial counsel or prejudice. The failure to preserve the evidence did not violate appellant's due process rights because the evidence was not materially exculpatory and the state's failure to preserve was not animated by bad faith. Therefore, it was not deficient for counsel not to raise a meritless issue. *State v. Kremer,* 12th Dist. Warren Nos. CA2017-07-115 and CA2017-07-116, 2018-Ohio-3339, 27.

Moreover, appellant cannot show that he suffered prejudice. There is no reasonable probability the outcome of the trial would have been different because there was substantial evidence of appellant's guilt. The jury had evidence that appellant confessed to his cousin that he started the vehicle fire and then assaulted her in an attempt to discourage her from telling law enforcement. Moreover, the state presented an analysis of appellant's cellular telephone records that placed appellant in Middletown on the morning of the fire and appellant admitted to police that he was in town that morning. Accordingly, appellant's first assignment of error is overruled.

(Opinion, ECF No. 7, PageID Ex. 10).

Kirby prosecutes the First Ground for Relief here on the merits, contending the Court of Appeals decision was an unreasonable application of the relevant precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), in failing to find his trial attorney provided ineffective assistance of trial counsel when he did not move to dismiss the case on the basis of spoliation (Corrected Brief, State Court Record, ECF No. 7, Ex. 13, PageID 96). This argument was carried forward in Kirby's Memorandum in Support of Jurisdiction in the Ohio Supreme Court. *Id.* at Ex. 18, PageID 177. That court did not accept jurisdiction and therefore did not render an opinion that might be subject to deferential evaluation. Furthermore, Kirby does not bring forward the underlying constitutional spoliation claim, but the claim, decided in the second branch of the First Assignment of Error, that trial counsel provided ineffective assistance of trial counsel in failing to attempt a dismissal on the basis of the asserted spoliation.

In support of his position on the First Ground for Relief, Kirby relies on the following propositions of law and fact which are unpersuasive for the reasons given with each:

1.    The State presented no video evidence of the arson "despite there being video available." (Reply, ECF No. 31, PageID 1296). No reference or citation is given as to where this is supposedly shown by the record. The Order for Answer in the case specifically provides:

> When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper righthand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(ECF No. 3, PageID 20). The Court cannot reasonably be expected to comb the record looking for references to back up a petitioner's assertions.

2.    "It is common knowledge that evidence used in any criminal trial must be preserved." Reply, ECF No. 31, PageID 1296. With due respect, this legal proposition is not a matter of common knowledge and Petitioner has presented no legal authority for it.

3.    The Court of Appeals found no prejudice from destruction of the vehicle because

> Service records for the vehicle could have provided appellant comparable evidence on whether the defective component had been replaced before the fire. Appellant did not present any evidence of the vehicle's service records and his fire investigation expert admitted that he did not investigate whether the defective component had been replaced.

(Opinion, State Court Record, ECF No. 8, PageID 1143, ¶ 15).

Petitioner attempts to refute this finding by asserting: "The Petitioner did obtain the service records for the vehicle and the component had not been replaced per the recall." (Reply, ECF No. 31, PageID 1297). Again this assertion is completely unsupported by any record reference.

4.    Petitioner asserts ¶ 16 of the Twelfth District decision is largely comprised of an unreasonable determination of the facts in light of the evidence before the state court:

> The Respondent continues by putting forth words that do not reflect the truth. Paragraph 16 of the appellate court response. The state court seems to say that because the National Fire Protection Association guidelines allow a fire investigator to review investigations by looking at relevant fire scene photographs that somehow made the defense fire expert able to "adequately review and assess the fire scene. " (Doc. No. 8 Page Id No. 1143) Not so. The fire investigator is certainly in the best position to determine whether he was given enough to assess the fire scene, and his "assessment" is contrary to what the state court, who was in no position to surmise anything put forth. In fact, his entire testimony, or certainly a good part of it, was dedicated to the fact he was not given enough to determine the origin, much less the cause of the fire.

The only record reference in this paragraph is to the Twelfth District's finding of what a fire investigator could do with the service records. Where in the record is the evidence to the contrary, much less sufficient evidence to overcome that finding by clear and convincing evidence? There is no record reference at all.

As proof of prejudice arising from destruction of the car and bad faith, Petitioner relied on *State v. Durnwald,* 163 Ohio App.3d 361, 2005-Ohio-4867 (6th Dist.). The Twelfth District distinguished *Durnwald* on the grounds that a copious number of forensic photographs were taken in this case, but not that, and the investigator testified the photographs were sufficient. In *Durnwald* the police had violated an explicit policy on preserving evidence and there was no such policy here (Opinion, State Court Record, ¶ 17).

In his Reply, Kirby makes much of his claim that the State lied when it said that it did not have a place to store the burned car (Reply, ECF No. 31, PageID 1297). Kirby sought to amend his Petition to add a claim for presenting false evidence under *Napue v. Illinois,* 360 U.S. 264, 269 (1959)(ECF No. 10). That Motion to Amend was filed March 6, 2022, and denied April 25, 2022 (ECF No. 15). Thus under Fed.R.Civ.P. 72, Petitioner's time to object expired May 12, 2022. No objections were filed and exclusion of the *Napue* claim is now the law of the case. Kirby is still

quite exercised about exclusion of the *Napue* claim[2] but does not explain why he did not object to the initial decision to that effect.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be

---

[2] "The Petitioner was shocked when Magistrate Merz said that there was no place to store a vehicle that was damaged by fire and that the component would have been no good because of weather damage. That was basically giving the state a free pass not to store important evidence.  That, in itself, is not in compliance with the Constitution." (Reply, ECF No. 31, PageID 1300).

considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that,
> but for counsel's unprofessional errors, the result of the proceeding
> would have been different.  A reasonable probability is a probability
> sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d

313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally*

Annotation, 26 ALR Fed 218.

The Magistrate Judge concludes the Twelfth District's decision on the First Ground for

Relief is entitled to deference under *Strickland*.  The court applied Ohio precedent that embodies

the two *Strickland* prongs and applied them reasonably:  it cannot be deficient performance to fail

to raise arguments which have no chance of success on the merits.  Kirby's First Ground for Relief

should be dismissed with prejudice.

**Ground Two:  Failure to Instruct on the Limited Proper Use of Hearsay**

In his Second Ground for Relief, Kirby claims he was denied due process when the trial

court did not instruct the jury on the limited proper use of hearsay.  He presented this as his Second

Assignment of Error on direct appeal and the Tenth District decided it as follows:

> 1¶ 20) THE TRIAL COURT ERRED TO THE PREJUDICE OF
> THE APPELLANT WHEN IT FAILED TO INSTRUCT THE
> JURY NOT TO CONSIDER THE HEARSAY STATEMENTS OF
> FIRE INVESTIGATOR HUNTER REGARDING GASOLINE **IN**
> THE SOIL FOR THEIR TRUTH.

¶ 21) In his second assignment of error, appellant argues that the trial court erred when it did not provide a limiting instruction to the jury despite an earlier suggestion that it would provide such an instruction. Appellant contends that the fire department investigator improperly testified to the laboratory testing of soil samples requested by the insurance company's fire investigator because this testimony constituted inadmissible hearsay. Thus, he claims the failure to give a limiting instruction was "clear error" affecting the outcome of the trial because it allowed the state to improperly present the laboratory testing.

¶ 22) Appellant did not request the trial court provide a limiting instruction to the jury. By failing to call attention to the error at trial, pursuant to Crim.R. 52(8), this court **will** only conduct a plain error review. To constitute plain error, there must be an obvious deviation from a legal rule that affected appellant's substantial rights, that is, the error must have affected the outcome of the trial. *State v. Barnes,* 94 Ohio St.3d 21, 27 (2002). Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 23.

¶23) Pursuant to Evid.R. 801(C), hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally inadmissible as evidence but may be admissible if it falls within one of the exceptions provided in the Ohio Rules of Evidence or is otherwise allowed by law. Evid.R. 802.

¶ 24) After review of the record, we find that the trial court did not commit plain error. During the direct examination of the fire department investigator, appellant objected to the investigator's testimony regarding the laboratory tests done by the insurance company's fire investigator. The trial court conducted a sidebar conference on the objection. During this conference, the trial court offered to provide a limiting instruction on hearsay if further questioning necessitated such an instruction. The trial court then sustained appellant's objection on the grounds that the fire department investigator's testimony was nonresponsive to the question and the laboratory analysis had previously been excluded. After the sidebar conference, the trial court struck the fire department investigator's testimony and instructed the jury to disregard it.

¶ 25) On continued direct examination, the state made no further inquiries about the insurance investigator's report or laboratory

> analysis. No hearsay testimony was elicited by the state and the trial
> court did not need to provide a limiting instruction as proposed
> during the sidebar conference. Therefore, it was not an error, much
> less plain error, for the trial court not to provide a limiting
> instruction. Accordingly, appellant's second assignment of error is
> overruled.

*State v. Kirby,* (State Court Record, ECF No. 7, Exhibit 16, PageID 165-166).

To the extent Ground Two raises a claim under Ohio evidence law, Respondent notes that such claims are not cognizable in habeas corpus, which is limited to constitutional claims. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

To the extent this Second Ground raises a federal constitutional claim, we are bound under 28 U.S.C. § 2254(d)(1) to defer to reasonable decisions of the state courts.

Kirby makes no argument on Ground Two and thus the Court deems it abandoned. Moreover, it is without merit for the reasons given by the Tenth District: the hearsay was stricken and no new hearsay introduced thereafter. Ground Two should be dismissed.

**Ground Three: Conviction on Insufficient Evidence**

In his Third Ground for Relief, Kirby claims he was convicted on insufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment.

14

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all

15

sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).  The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims.  *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Kirby raised this claim as his Third Assignment of Error on direct appeal and the Tenth District decided it as follows:

> {¶ 27} THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION OF AGGRAVATED BURGLARY OR BURGLARY AGAINST KIRBY; THEREFORE, THE TRIAL COURT SHOULD HAVE GRANTED A MOTION OF ACQUITTAL AS TO THAT CHARGE.

> {¶28} In his third assignment of error, appellant argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal on the aggravated burglary offense because the state did not prove an essential element of the offense, that is, the element of trespass by force, stealth, or deception.

> {¶29} An appellate court reviews the denial of a Crim.R. 29 motion under the same standard as a sufficiency of the evidence challenge. *State v. Robinson,* 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, 11 37. The sufficiency of the evidence challenge requires the reviewing court to determine whether the state has met its burden of production at trial. *State v. Boles,* 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, 1134. The "relevant inquiry" is whether any rational trier of fact, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. *State v. Erdmann,* 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, 1121, citing *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. On a sufficiency of the evidence challenge, the reviewing court **will** not consider the credibility of the witnesses. *State v. Wilks,* 154 Ohio St.3d 359, 2018-Ohio-1562, 11161-162.

> ¶ 30) Appellant was convicted of aggravated burglary in violation of R.C. 2911.11(A)(1). This statute provides that (A) No person, by force, stealth, or deception, shall trespass in an occupied structure[,] • • • when another person other than an accomplice of the offender is present, with purpose to commit in the structure • • • any criminal offense, if any of the following apply:

17

The offender inflicts, or attempts or threatens to inflict physical harm on another. RC. 2911.11(A)(1). A trespass occurs when an offender knowingly enters or remains on the premises of another without the privilege to do so. *State v. Shepherd,* 12th Dist. Butler No. CA2015-11-167, 2017-Ohio-326, ¶ 16, citing RC. 2911.21(A)(1). The methods of trespass in the aggravated burglary statute-force, stealth, or deception-are written in the disjunctive, therefore the state only needed to prove one of the three methods.• *Id.* at , 17, citing *State v. Bell,* 12th Dist. Butler No. CA93-07-143, 1994 Ohio App. LEXIS 309, *6 (Jan. 31, 1994). "Force" is defined by statute as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." RC. 2901.01(A)(1). Similar to the aggravated burglary statute, the definition of force is also stated in the disjunctive. Therefore, it only requires a showing of one of the three methods-violence, compulsion, or constraint-that is physically exerted.

**¶ 31)** The cousin testified that she noticed appellant standing on the patio outside her apartment when she went to take out the trash that evening. When she saw appellant, she did not invite him into the residence. Viewing the evidence in the light most favorable to the prosecution it was reasonable for the jury to infer that appellant did not have the privilege to enter the apartment. The cousin also testified that appellant was yelling and "carrying on," and then "pushed" her into her apartment from the doorway. Therefore, this testimony provided sufficient basis for any rational trier of fact to find that appellant used force to gain unprivileged entry into the cousin's apartment.

> 3. "Privilege" means an immunity, license, or right conferred by law, bestowed by express or implied grant arising out of status, position, office, or relationship, or growing out of necessity. R.C. 2901.01(A)(12).

> 4. We note that the trial court only instructed the jury to consider whether appellant committed a trespass by force.

¶ 32) Furthermore, the victim testified that appellant attacked her by striking her in the head with a coffee cup after entering her home. Even, assuming arguendo, the initial entrance was not forcible, the subsequent attack was sufficient to prove the forcible trespass. As the Ohio Supreme Court has explained, "even assuming lawful initial entry, the jury was justified in inferring from the evidence that

> [the defendant's] privilege to remain in [the victim's] home terminated the moment he commenced his assault on [the victim]" and the defendant's actions constituted a trespass. State *v. Steffen,* 31 Ohio St.3d 111, 115 (1987). "Where a defendant commits an offense against a person in the person's private dwelling, the defendant forfeits any privilege, becomes a trespasser and can be culpable for burglary." *State v. Wisecup,* 12th Dist. Clermont No. CA2004-02-014, 2004-Ohio-5652, ¶ 10; *accord State v. Trigg,* 2d Dist. Montgomery No. 26757, 2016-Ohio-2752, ¶ 10 9; *State v. Schall,* 4th Dist. Vinion No. 14CA695, 2015-Ohio-2962, ¶ 37. Any privilege appellant may have had to enter or remain in the apartment terminated upon his assault of the cousin and the assault provided sufficient evidence for the element of forcible trespass.

> {¶ 33) Consequently, the state met its burden of production on the element of forcible trespass. There was sufficient evidence to find appellant guilty of aggravated burglary. The third assignment of error is overruled.

*State v. Kirby*, (State Court Record, ECF No. 7, Exhibit 16, PageID 167-169).

Kirby then offers several interpretations of the elements of aggravated burglary under Ohio law – use of force outside an occupied structure for the purpose of trespassing doesn't count, only force actually used inside the structure (Reply, ECF No. 31, PageID 1299) – the fact that he was not invited into the apartment doesn't matter because he did not require an invitation because he was a family member. *Id.* at PageID 1299.

However, interpretation of what constitutes the elements of a crime are a question of state law. *In re Winship*, 397 U.S. 358 (1970). In this case the Twelfth District carefully explained the elements as established by the Ohio courts, and we are bound by that explanation. *Bradshaw v. Richey*, 546 U.S. 74 (2005). There was sufficient evidence to support a finding of guilty on each element of aggravated burglary as defined by the Twelfth District. Kirby's Third Ground for Relief is therefore without merit and should be dismissed with prejudice.

**Fourth Ground for Relief: Ineffective Assistance of Trial Counsel: Failure to Properly Impeach a State's Witness**

Petitioner alleges a key witness against him was Christine Rose.  During discovery, Kirby learned she had been seeing a psychiatrist, but defense counsel did not attack her credibility on that basis. This failure allegedly constituted ineffective assistance of trial counsel.

Kirby initially raised this claim in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21 (Petition, State Court Record, ECF No. 7, Ex. 20).  He asserted that Ms. Rose had feigned an injury supposedly leaving her wheelchair bound.  When this fraudulent behavior was discovered, she was removed from the nursing home where she had been staying. Kirby believes it was ineffective assistance of trial counsel to fail to expose this fraud as undermining Ms. Rose's credibility. *Id.*., PageID 206.  However, his trial counsel failed to interview her or her doctor who would supposedly have supported the fraud narrative. *Id.* The post-conviction Petition was filed September 25, 2020; Kirby supplemented with an affidavit of operative fact on October 12, 2020 (State Court Record, ECF No. 7, Ex. 23).

The trial court denied the Postconviction Petition December 21, 2020. *Id.* at Ex. 24.  In doing so, Judge Pater found

> In fact, the doctor's proffered trial affidavit would have most likely bolstered Rose's credibility as it reads, "in my professional opinion within a reasonable degree of psychological certainty, (Ms. Rose] will testify truthfully and accurately.  Her memory is very good for witnessing events."

*Id.* at PageID 223-24.  Based on that affidavit, Judge Pater found the decision not to allow the fraud narrative to be presented to the jury was strategic. *Id.* at PageID 224.  He also found this claim was barred by *res judicata* because it could have been litigated at trial or on direct appeal. *Id.* at PageID 225.  Kirby appealed, but the Twelfth District affirmed on the basis of *res judicata*

(Entry, State Court Record, ECF No. 7, Ex. 32). Kirby appealed to the Supreme Court of Ohio which declined jurisdiction. *Id.* at Ex. 35.

Respondent defends Ground Four first on the basis that it is noncognizable in habeas corpus because it challenges post-conviction procedure rather than the underlying conviction. (Return of Writ, ECF No. 8, PageID 1158, relying principally on *Kirby[3] v. Dutton*, 794 F.2d 245 (6th Cir. 1986)). The Magistrate Judge disagrees. Kirby's claim on appeal in post-conviction was that he received ineffective assistance of trial counsel when his attorney did not interview Christine Rose and use the results to impeach her. He claimed his conviction was infected with that error at trial. Had the Ohio courts accepted that claim, he would have had a victory on the merits, essentially the same relief he seeks here.

Respondent also defends on the basis of procedural default: he asserts Kirby raised this as an ineffective assistance of trial counsel claim in the Petition, but as a direct claim in his post-conviction petition. Again the Magistrate Judge disagrees. Kirby's claim in post-conviction is that his attorney did not interview Ms. Rose and use the results to impeach:

> The defendant argues a single point in his motion to overturn his conviction, that he received ineffective assistance of counsel when his attorney and assigned investigator failed to pursue an allegation that one of the state's witnesses, "Ms. Rose, was residing at The Garden Manor Nursing Home ... . feigning an injury," and that the witness lied about, "seeking refuge" at a doctor's office on the day of the offense.

(Order Denying Post-Conviction Relief, State Court Record, ECF No. 7, Ex. 24, PageID 221).

Petitioner does not argue the Fourth Ground for Relief at all which would allow the Court to dismiss it as abandoned. Instead the Magistrate Judge will analyze it on the merits. The standard for deciding ineffective assistance of trial counsel claims under *Strickland* is set out above: To

---

[3] This is a different person from Bryan Kirby, the Petitioner.

prevail on such a claim, a petitioner must show constitutionally deficient performance and prejudice to his case such that there is a reasonable probability that the outcome of the trial has been affected. The Twelfth District applied that standard and reasonably concluded counsel had good cause not to present Ms. Rose's testimony, given her psychologist's' affidavit: that affidavit would have bolstered rather than undermined her testimony. On the basis of the record, it appears to have been a good strategic decision.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In deciding this claim, the Ohio courts reasonably applied the governing Supreme Court decision – *Strickland*. Therefore the Fourth Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to

proceed *in forma pauperis*.


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

August 10, 2022.

s/ <em>Michael R. Merz</em><br>United States Magistrate Judge

\#